UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER DIPERNA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 14-cv-57 |
| | ) |
| THE CHICAGO SCHOOL OF | ) Judge John W. Darrah |
| PROFESSIONAL PSYCHOLOGY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jennifer DiPerna filed a Complaint against Defendant the Chicago School of Professional Psychology (the "Chicago School"), alleging (I) Breach of Contract and (II) Negligence, pursuant to Illinois state law. The Chicago School has moved to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons provided below, this Motion is granted.

### BACKGROUND

DiPerna is a citizen of Ohio, who, at all times relevant to this action, was a student at the Chicago School in the Masters of Arts in Counseling program. (Compl. ¶¶ 3, 12.) On April 7, 2013, an unnamed African American student in class with DiPerna stated that she did "not like white people." (*Id*. ¶ 14.) When DiPerna stated to the other students in her group that "she saw all races as equal," another African American student, Shakira, became agitated and stated that DiPerna was racist and color blind. (*Id*. ¶¶ 14-15.) This event began a "campaign of bullying" during which Shakira and her friend told other students and a professor, Dr. Patricia Perez, that DiPerna was racist. (*Id*. ¶ 15.)

On April 15, 2013, Dr. Perez called DiPerna, Shakira, and the unnamed student into a meeting. (*Id*. ¶ 16.) DiPerna explained that she did not feel comfortable, but Dr. Perez explained that if DiPerna did not attend she would be "written up." (*Id*.) During the meeting, Shakira and the unnamed student continued to bully and harass DiPerna while Dr. Perez did nothing to stop them. (*Id*.)

On April 17, 2013, DiPerna reported the meeting with Dr. Perez to another faculty member, Dr. Maria Yapondjian. (*Id*. ¶ 17.) The following day, Dr. Perez emailed DiPerna regarding her report to Dr. Yapondjian. (*Id*.) DiPerna expressed her discomfort with the situation and requested to be allowed to change classes. (*Id*.) Dr. Yapondjian and Dr. Perez dismissed DiPerna's concerns and would not allow her to change classes. (*Id*.) The bullying and harassment continued; DiPerna again complained to Dr. Perez, who told DiPerna that she had reported these incidents to her supervisor. (*Id*. ¶¶ 17-18.)

On July 15, 2013, DiPerna posted to her personal Instagram account a picture depicting celebrity chef Paula Deen, intended as an insult to Deen and her alleged racially discriminatory views. (*Id*. ¶ 20.) In her continued efforts to harass DiPerna, Shakira reported the posting to Chicago School officials. (*Id*. ¶ 21.) On August 1, 2013, at Associate Department Chair Dr. Luke Mudd's request, DiPerna attended a meeting with Dr. Mudd and Department Chair Virginia Quinonez, during which the three discussed DiPerna's posting of the Deen picture. (*Id*. ¶¶ 22-23.) Although DiPerna was not permitted or prepared to fully explain her intent behind the posting, she did state that the posting was intended as a joke. (*Id*. ¶ 23.) DiPerna also complained to Dr. Mudd and Dr. Quinonez of the bullying and informed them of similarly

offensive posts on Shakira's and other students' Instagram accounts. (*Id.* ¶¶ 24-25.) Each of these complaints was ignored. (*Id.*)

The day after her meeting with Dr. Mudd and Dr. Quinonez, DiPerna was informed that, as a result of her Instagram post, she would not be allowed to enter into an internship and would be referred to the Student Affairs Committee ("SAC"). (*Id.* ¶ 26.) DiPerna met with the SAC on September 17, 2013, but she was not permitted to respond to the allegations against her, confront those reporting against her, or present any materials tending to refute the allegations. (*Id.* ¶ 27.) Following this meeting, the SAC placed DiPerna on an Academic Development Plan and suspended her participation in the internship search process. (*Id.* ¶ 28.) This decision was not rationally related to the allegations made against DiPerna, failed to account for DiPerna's own complaints of bullying and harassment, and violate the Chicago School's Academic Catalog and Student Handbook Student Rights and Responsibilites and the Institutional Policies. (*Id.* ¶ 29.) These events have deprived DiPerna of her opportunity to obtain an education and enter her chosen profession. (*Id.* ¶¶ 30-31.)

## LEGAL STANDARD

When considering motions brought pursuant to Rule 12(b)(6), all well-pleaded allegations within the complaint are read in the light most favorable to the plaintiff and presumed true. *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to "legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). A proper claim requires only short and plain statements of jurisdiction and entitlement to relief, as well as a demand for

the relief sought. Fed. R. Civ. P. 8(a). However, the pleading "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A defendant may move to dismiss, pursuant to Rule 12(b)(6), if the plaintiff has failed to state a claim upon which relief can be granted. Withstanding such a motion requires alleging enough facts to support a claim that is "plausible on its face." *Chasensky v. Walker*, 740 F.3d 1088, 1095 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678)). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. The court must consider context; but if it still must speculate, plausibility is lacking. *Id*.

## ANALYSIS

When sitting in diversity, federal courts apply the law of the forum state. *GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 626 (7th Cir. 2013) (citations omitted). The parties agree that Illinois law applies in this case. Indeed, the Chicago School first argues that this action is based on racial discrimination and must be dismissed pursuant to the Illinois Human Rights Act ("IHRA"), 775 Ill. Comp. Stat. 5/1-101 (1980).

The IHRA provides that "no court of [Illinois] shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 Ill. Comp. Stat. 5/8-111 (D) (1980). Such claims are properly brought before the Human Rights Commission. Therefore, contract and tort claims are preempted by the IHRA when the claims are "inextricably linked" to a civil rights violation. *Geise v. Phoenix Co. of Chi., Inc.*, 639 N.E.2d 1273, 1277 (Ill. 1994). However, when a civil rights "aspect of [a] case is 'merely incidental to what are

4

otherwise ordinary common law tort [or contract] claims' . . . the claim is not preempted." *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 603 (7th Cir. 2006) (quoting *Maksimovic v. Tsogalis,* 687 N.E.2d 21, 23 (Ill. 1997)).

The Chicago School argues DiPerna's claims are "hopelessly linked to the Act." (Def.'s Reply at 3.) DiPerna's Complaint, however, makes no claim that she was discriminated against based on her race. DiPerna alleges she was deprived of procedural rights contractually guaranteed to the Chicago School's students and that the Chicago School was negligent in its resolution of any issues between DiPerna and her classmates and professors. DiPerna "need not and does not rely upon the public policy embodied in the [IHRA] to satisfy the elements of her common law" contract and negligence claims. *Blount v. Stroud*, 904 N.E.2d 1, 10 (Ill. 2009).

In a similar vein, the Chicago School argues that DiPerna has not sufficiently alleged a breach of contract because of a lack of consideration. The Chicago School asserts that it was obligated "under various anti-discrimination laws" not to discriminate against DiPerna and, therefore, no contract promising not to discriminate against DiPerna could include the requisite consideration. (Def.'s Mot. to Dismiss at 4.) Although it is unclear to which "various anti-discrimination laws" the Chicago School refers, DiPerna's Complaint again survives because it is not grounded in discrimination.

Finally, the Chicago School argues that academic decisions are generally not subject to judicial review unless the institution was acting arbitrarily and capriciously. (Def.'s Mot. to Dismiss at 5.) Although this may be true generally, the Seventh Circuit has held that a student may have "an entitlement not to be suspended without good cause" that is a reviewable matter of contract. *Williams v. Wendler*, 530 F.3d 584, 589 (7th Cir. 2008). "The catalogues, bulletins,

circulars, and regulations of the institution made available to the matriculant may become a part of the contract." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Ross v. Creighton Univ.*, 957 F.2d 410, 416 (7th Cir.1992)). However, "the student must point to an identifiable contractual promise that the [institution] failed to honor." *Bissessur*, 581 F.3d at 602.

DiPerna has failed to plead specifically which contractual provision has been breached. In her First Cause of Action, DiPerna alleges that the Chicago School's decision to place her on an Academic Development Plan based on false allegations made against her was "a violation of the Academic Catalog and Student Handbook Sections on Disciplinary Review and Academic Development Plans." (Compl. ¶ 34.) In her Second Cause of Action, DiPerna alleges negligence based on the Chicago School's failure "to reasonably comply with its own policy . . . ." (Compl. ¶ 40.) Neither cause alleges a claim with sufficient specificity. Accordingly, DiPerna has failed to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the Chicago School's Motion to Dismiss [20] is granted. The Complaint is dismissed without prejudice and with leave to amend, provided DiPerna is able to file an amended complaint consistent with this opinion and Federal Rule of Civil Procedure 11, within thirty days of this Order.

Date: 08/21/2014

JOHN W. DARRAH
United States District Court Judge